**UNITED STATES DISTRICT COURT**
DISTRICT OF NEW JERSEY



MARTIN LUTHER KING JR. FEDERAL BLDG. & U.S. COURTHOUSE
50 WALNUT STREET, P.O. BOX 419
NEWARK, NJ 07101-0419
**(973) 645-6340**

**WILLIAM J. MARTINI**
           **JUDGE**

## LETTER OPINION

June 19, 2009

Kevin M. O'Dowd
Office of the U.S. Attorney
970 Broad Street
Room 502
Newark, NJ 07102

Brandon Monchamp
7802 N. Central Ave
Phoenix, AZ 85020
*(Defendant* pro se*)*

      **Re:**    **United States v. Mantovani et al.**
               **Crim. No. 04-786-3 (WJM)**

Dear Litigant:

    This matter comes before the Court on *pro se* Defendant Brandon L. Monchamp's motion for termination of supervised release. For the following reasons, Defendant's request is **DENIED**.

## BACKGROUND

    Defendant pled guilty to a conspiracy to defraud the United States under 18 U.S.C. § 371. The Court sentenced him to 25 months incarceration, followed by three years of supervised release. Defendant's incarceration commenced on or about October 9, 2006 and Defendant filed the present motion on April 29, 2009.

## DISCUSSION

District courts possess wide discretion to grant early termination of supervised release. Under 18 U.S.C. § 3583, a district court may terminate a term of supervised release "at any time after the expiration of one year of supervised release, pursuant to the provisions of the Federal Rules of Criminal Procedure relating to the modification of probation, if it is satisfied that such action is warranted by the conduct of the defendant released and the interest of justice." 18 U.S.C. § 3583(e). Early termination is only warranted in " in cases where the defendant demonstrates changed circumstances, such as exceptionally good behavior." *United States v. Caruso*, 241 F. Supp. 2d 466, 468 (D.N.J. 2003) (citing *United States v. Lussier*, 104 F.3d 32 (2d Cir. 1997)).

The thrust of Defendant's argument is that the Court should terminate his supervised release, because he has complied with the requirements of his sentence. While in prison, Defendant enrolled-in and completed a nine month drug abuse program and took a variety of classes. Since being released, he has not received any write-ups or warnings and has not tested positive for drugs.

As an initial matter, Defendant's supporting papers do not inform the Court of his release date. Lacking guidance to the contrary, the Court assumes that Defendant served a full 25 month sentence and was released on or about November 2008. At the time of filing of this motion, Defendant had not served a full year of supervised relief. Accordingly, the Court lacks authority under § 3583(e) to grant Defendant the requested relief.

Assuming *arguendo* that Defendant served more than one year of supervised release, Defendant's request is still denied. While the conduct of Defendant is commendable, "merely complying with the terms of . . . probation and abiding by the law are not in and of themselves sufficient to warrant early termination of probation; rather, this is simply what is expected of Defendant." *United States v. Paterno*, Cr. No. 99-037, 2002 WL 1065682, at *3 (D.N.J. Apr. 30, 2002). Defendant fails to demonstrate any changed circumstances or exceptionally good behavior warranting early termination.

## CONCLUSION

For the foregoing reasons, Defendant's motion for termination of supervised release is **DENIED**. An appropriate Order accompanies this Letter Opinion.

s/William J. Martini
**William J. Martini, U.S.D.J.**
